UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER JACKSON,

                Plaintiff,

-against-

BEACON CITY SCHOOL DISTRICT, et al.,

                Defendants.

**ORDER**

19-CV-08164 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Walter L. Jackson ("Plaintiff"), appearing *pro se* and *in forma pauperis*, brings this action alleging employment discrimination against the Beacon City School District ("Beacon"), Director of Transportation Ron Mackey ("Mackey"), and Dispatcher Anna Kiskis ("Kiskis," and collectively, "Defendants"). (Doc. 8, "SAC"). Pending presently before the Court is Defendants' motion to dismiss the Second Amended Complaint ("SAC") under Rule 12(b)(6). (*See* Doc. 18; Doc. 20; Doc. 27; Doc. 31). For the reasons set forth below, the motion is GRANTED IN PART.

    *First*, Plaintiff, in opposition to the motion, stated that he does not press claims under 42 U.S.C. §§ 1981, 1983, or the New York State Human Rights Law. (Doc. 27 at 2-3). Those claims are, accordingly, dismissed. *See Porter v. Uhler*, No. 17-CV-00047, 2019 WL 1292226, at *6 (N.D.N.Y. Mar. 21, 2019).

    *Second*, the remaining claims—brought under Title VII—are dismissed insofar as pressed against Mackey and Kiskis because there is no individual liability under Title VII. *See Wickes v. Westfair Elec. Co.*, No. 19-CV-10673, 2021 WL 217318, at *6 (S.D.N.Y. Jan. 20, 2021).[1]

---

[1] Defendants made this argument for the first time in reply. (Doc. 31 at 2-3). While "[i]t is the rare case in which the Court finds it appropriate to consider arguments first raised in a reply brief . . . the Court has long-recognized discretion to do so." *Gilmore v. Bouboulis*, No. 15-CV-00686, 2016 WL 4532146, at *18 (N.D.N.Y. Aug. 29, 2016); *see also Hausch v. Ecklond*, No. 13-CV-06871, 2014 WL 11353175, at *1 n.1 (S.D.N.Y. July 30, 2014). This matter presents just such a case.

*Third*, in the face of Defendants' argument that Plaintiff's claims under Title VII are untimely, Plaintiff explained—in a sworn statement—that the dates set forth in the SAC contained a typographical error and that the discriminatory act occurred in September 2018, as opposed to 2017. (*Compare* Doc. 20 at 3-4, *with* Doc. 27 at 2). Responding to that argument on reply, Defendants conceded that if the events actually took place in September 2018, "a Title VII claim would be timely." (Doc. 31 at 2). Given Plaintiff's sworn representation that the events underlying his Title VII claim took place in September 2018, Defendants' concession that such events "would be timely," and Defendants' failure to advance any other argument in support of dismissing the Title VII claims, the motion to dismiss the Title VII claims against Beacon is denied. The Court will deem the SAC amended (Paragraph IV(B) and Paragraph 1 of the unnumbered attachment, specifically) to delete reference to "2017" and insert, in place thereof, "2018."

For the foregoing reasons, Defendants' motion is GRANTED IN PART. All claims for relief against all Defendants are dismissed except for the claims alleging race discrimination, color discrimination, and hostile work environment under Title VII against Beacon. The Clerk of the Court is respectfully directed to terminate Mackey and Kiskis as Defendants in this case and terminate the motion sequence pending at Doc. 18.

Beacon shall serve and file its Answer to the SAC within thirty days of this Order.

SO ORDERED:

Dated:  White Plains, New York
        August 31, 2021

_____
PHILIP M. HALPERN
United States District Judge