UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER L. JACKSON,

                   Plaintiff,

          -against-

BEACON CITY SCHOOL DISTRICT,

                  Defendant.

**MEMORANDUM OPINION AND ORDER**

19-CV-08164 (PMH)

PHILIP M. HALPERN, United States District Judge:

Walter L. Jackson ("Plaintiff"), appearing *pro se* and *in forma pauperis*, brings this action alleging employment discrimination against the Beacon City School District ("Beacon" or "Defendant"). The Court dismissed all claims in the Second Amended Complaint except Plaintiff's "claims alleging race discrimination, color discrimination, and hostile work environment under Title VII,", in connection with Plaintiff's delayed paycheck. (Doc. 33). Defendant filed an Answer to the Second Amended Complaint on September 21, 2021 (Doc. 34), and the Court entered a discovery schedule on December 2, 2021 (Doc. 39). Discovery closed on May 16, 2022. (*Id.*).

Defendant filed a pre-motion letter seeking leave to move for summary judgment and an accompanying Rule 56.1 Statement on June 16, 2022 (Doc. 42). On November 5, 2021, Plaintiff filed his response to Defendant's pre-motion letter. (Doc. 45). The Court waived its pre-motion conference requirement and set a briefing schedule for Defendant's motion. (Doc. 47). Defendant filed its motion for summary judgment in accordance with that briefing schedule on August 2, 2022. (Doc. 49; Doc. 50; Doc. 51, "Def. Br."; Doc. 52, "Def. 56.1"). Plaintiff filed his opposition brief to the motion for summary judgment on September 28, 2022, along with a supporting

declaration and affidavit.[1] (Doc. 54, "Pl. Br."; Doc. 55 "Pl. Decl."; Doc. 56 "Pl. Aff."). The motion was fully submitted on October 7, 2022, with the filing of Defendant's reply brief. (Doc. 57).

For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

## BACKGROUND

The Court recites the facts herein only to the extent necessary to adjudicate the extant motion for summary judgment and draws them from the Second Amended Complaint, Defendant's Rule 56.1 Statement together with Plaintiff's responses, and the affidavits submitted in support of and opposition to the motion, together with the attached exhibits. Unless otherwise indicated, the facts cited herein are undisputed.

Plaintiff was hired as a bus driver for Beacon in May 2018. (Def. 56.1 ¶ 1). Plaintiff was paid on a bi-weekly basis and his paychecks were deposited directly into his bank account. (*Id.* ¶¶ 2, 19). Plaintiff was required to complete daily timesheets to keep track of the time he worked each day. (*Id.* ¶ 3). Plaintiff could submit his timesheet for each pay period to any of the dispatchers in Beacon's transportation department. (*Id.* ¶¶ 4-6). A paycheck was scheduled to be distributed on September 14, 2018 for work performed between August 24, 2018 and September 6, 2018. (*Id.* ¶¶ 15-16). Plaintiff attempted to submit his timesheet before this pay period concluded, *i.e.* prior to the September 3 Labor Day Holiday, and was told it was too early to submit his timesheet. (*Id.*). Plaintiff thinks that he attempted to submit his timesheet again after the close of the pay period but

---

[1] Plaintiff did not, as required by Local Civil Rule 56.1, respond to Defendant's 56.1 Statement of Material Facts. "While *pro se* litigants are not excused from meeting the requirements of Local Rule 56.1[,] where a *pro se* plaintiff fails to submit a Rule 56.1 Statement in opposition to a summary judgment motion, the Court has discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." *Vasquez v. Yadali*, No. 16-CV-00895, 2022 WL 1597693, at *2 n.6 (S.D.N.Y. May 19, 2022) (alterations in original omitted) citing *Casanova v. Maldonado*, No. 17-CV-01466, 2021 WL 3621686, at *2 n.4 (S.D.N.Y. Aug. 16, 2021)). Accordingly, the Court, in its discretion, construes Plaintiff's filings as opposition to Defendant's Rule 56.1 Statement of Material Facts.

does not recall when or to whom he submitted the timesheet. (*Id.* ¶ 17). Plaintiff assumed that Beacon submitted the timesheet on his behalf. (*Id.* ¶ 18).

On September 14, 2018, Plaintiff realized that his paycheck had not been deposited in his bank account and had two conversations with Anna Kiskis ("Kiskis"), one of Beacon's dispatchers, about this issue. (*Id.* ¶¶ 20-21). Plaintiff did not tell Kiskis that he had submitted a timesheet. (*Id.* ¶ 22). Plaintiff believes that Kiskis told Plaintiff that it was too early to submit his timesheet because of his race; his belief is based upon his impression that Kiskis was "aggressive" towards Plaintiff and other Black bus drivers. (*Id.* ¶ 24). Plaintiff never heard Kiskis make comments regarding his race, and Plaintiff did not otherwise observe anything specific that led him to believe that Kiskis was treating him differently because of his race. (*Id.* ¶¶ 26, 29).

Later that day, Plaintiff informed another dispatcher, Ashanda Boyd ("Boyd"), that he would be resigning from his position because he had not been paid. (*Id.* ¶¶ 31-32). Plaintiff later had a conversation on September 17, 2018 with Ron Mackey ("Mackey"), a transportation supervisor, confirming that he had resigned and that he would not be returning to work. (*Id.* ¶ 38). During that conversation, Mackey informed Plaintiff that he had not been paid because he had not submitted a timesheet for the pay period ending September 6, 2018. (*Id.* ¶ 40).

To assist Plaintiff, Mackey created timesheets on Plaintiff's behalf for the pay period ending September 6, 2018 and the pay period ending September 20, 2018. (*Id.* ¶ 44). On September 28, 2018, a paycheck was deposited into Plaintiff's account and a pay stub was provided to Plaintiff reflecting the 23.75 hours of work that Plaintiff performed during the prior two pay periods. (*Id.* ¶¶ 44-49). In a letter to Plaintiff dated October 3, 2018, Mackey advised Plaintiff that he had submitted timesheets on his behalf and his final paychecks had been disbursed. (*Id.* ¶ 59). During his deposition, Plaintiff testified that he does not believe that any adverse actions were taken

against him due to his race or color other than the failure to receive a paycheck, (*Id.* ¶ 64) and Plaintiff further acknowledged that he received his paycheck by a direct deposit to his bank account (Doc. 50, Ex. C at 51:8-54:15).

Defendant now moves for summary judgment dismissing the remaining claim in the Second Amended Complaint.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial . . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts . . . ." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

The Court is, of course, mindful that "[*p*]*ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks omitted). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v. Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)

(the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment" (internal quotation marks omitted)).

## ANALYSIS

Plaintiff's remaining claims, brought under Title VII, are predicated on the premise that Beacon discriminated against Plaintiff by delaying his paycheck. (Doc. 55; Doc. 56). Plaintiff asserts claims for discrimination based upon race and color, and a separate claim for hostile work environment. (*Id.*). "Claims of discrimination under Title VII are analyzed at the summary judgment stage under the burden-shifting test announced by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Howard v. City of New York*, 302 F. Supp. 2d 256, 260 (S.D.N.Y. 2004), *aff'd*, 363 F. App'x 805 (2d Cir. 2010). Phase one of the *McDonnell Douglas* test places upon the plaintiff the burden of establishing a *prima facie* case of discrimination by alleging that: "(1) he is a member of a protected class; (2) his job performance was satisfactory; (3) he was subject to an adverse employment action; [and] (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination based on race." *Woods v. Ruffino*, 8 F. App'x 41, 42 (2d Cir. 2001) (citing *McDonnell Douglas*, 411 U.S. at 802).

"If the plaintiff sets forth a *prima facie* case of discrimination, 'the burden of production then shifts to the defendant to offer a legitimate, non-discriminatory rationale for the adverse employment action.'" *Osekavage v. Sam's East, Inc.*, No. 19-CV-11778, 2022 WL 3084320, at *7 (S.D.N.Y. Aug. 3, 2022) (quoting *Wesley-Dickson v. Warwick Valley Cent. Sch. Dist.*, 973 F. Supp. 2d 386, 397 (S.D.N.Y. 2013), *aff'd*, 586 F. App'x 739 (2d Cir. 2014)). "If the defendant articulates a legitimate reason for the action, the presumption of discrimination raised by the *prima facie* case drops out, and the plaintiff has the opportunity to demonstrate that the proffered reason was not

the true reason for the employment decision and that the plaintiff's membership in a protected class was." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804).

To establish a hostile work environment claim under Title VII, a plaintiff must show: "[1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Smith v. New York & Presbyterian Hosp.*, 440 F. Supp. 3d 303, 345 (S.D.N.Y. 2020) (citing *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002)). "The plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Alfano*, 294 F.3d at 374. "This test has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive that environment to be abusive." *Id.* "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Id.* Moreover, "[i]t is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs because of an employee's [race], or other protected characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

Here, Plaintiff has failed to establish a *prima facie* case of discrimination. It is undisputed that Plaintiff received a paycheck on September 28, 2018, which included the monies owed for the work performed during the prior two pay periods.[2] (Def. 56.1 ¶¶ 45-51). Plaintiff readily admits

---

[2] In his affidavit, Plaintiff argues that he was not paid for all of the work that he performed from September 7, 2018 to September 14, 2018. (Pl. Aff. at 3). Plaintiff offers no evidentiary support

that this delayed paycheck is the sole basis for his claims. (*Id.* ¶ 64). "Courts in this Circuit have held that a delay in transmitting a paycheck is not a materially adverse action under Title VII." *Miller v. New York City Health & Hosp. Corp.*, No. 00-CV-00140, 2005 WL 2022016, at *6 (S.D.N.Y. Aug. 22, 2005), *aff'd*, 198 F. App'x 87 (2d Cir. 2006); *see also Alexidor v. Donahoe*, No. 11-CV-09113, 2017 WL 880879, at *6 (S.D.N.Y. Mar. 2, 2017) ("[C]ourts in the Second Circuit have repeatedly held that delay in the processing of workers' compensation papers, overtime payment, or paychecks is not an adverse employment action.") (collecting cases); *Lee v. New York State Dep't of Health,* Nos. 98-CV-05712, 2001 WL 34031217, at *17 (S.D.N.Y. Apr. 23, 2001) (delay in receipt of overtime payment was not an adverse employment action). Because a delayed paycheck is not an adverse employment action for purposes of Title VII, Plaintiff cannot meet his burden under phase one of the *McDonnell Douglas* test to establish a *prima facie* case of race or color discrimination.

Additionally, in order to establish a *prima facie* case of discrimination, "a plaintiff must proffer some admissible evidence of circumstances that would be sufficient to permit an inference of discriminatory motive and "cannot meet [its] burden through reliance on unsupported assertions." *Burnett v. Oce N. Am.*, No. 11-CV-6894, 2014 WL 4547037, at *7 (S.D.N.Y. Sept. 11, 2014) (internal quotation marks and citations omitted). "A plaintiff's self-serving statement, without direct or circumstantial evidence to support the charge, is . . . insufficient" to meet this

---

for this contention. To the contrary, Plaintiff admitted at deposition that he was paid, via direct deposit, for all the work he performed for the period in question. (Doc. 50, Ex. C at 51:8-54:15). It is well settled that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Brown v. Reinauer Transportation Companies, L.P.*, 788 F. App'x 47, 49 (2d Cir. 2019) (citing *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)). "Thus, factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not genuine issues for trial." *Id.*

burden. *Id.* Here, Plaintiff states in his declaration that he "spoke with all of the black bus drivers about not being paid and all had experienced what the plaintiff complained about in his claim." (Pl. Decl. at 3). This conclusory statement, however, is wholly unsupported by any direct or circumstantial evidence and is therefore insufficient to create a genuine dispute of fact. *See Mirza v. Garnet Health*, No. 20-CV-00556, 2022 WL 826410, at *2 n.6 (S.D.N.Y. Mar. 17, 2022) (facts in a party's Rule 56.1 statement "supported by admissible evidence and not refuted with citation to admissible evidence provided to the Court are deemed admitted"). Plaintiff testified at his deposition that he never observed anything that would lead him to believe that Kiskis, the dispatcher who initially told him he was too early to submit his timesheet, was treating Plaintiff differently because of his race or color. (Def. 56.1 ¶ 29). Plaintiff further testified that he never heard Kiskis make comments regarding his race and that he never told anyone that he found any of Kiskis's comments offensive. (*Id.* ¶¶ 26-27). Plaintiff's subjective belief that Kiskis discriminated against him was solely based on her "aggressive" tone. (*Id.* ¶ 25). Plaintiff fails to offer proof in admissible form and beyond the four corners of his own mind necessary to create a triable issue of fact. *McNeil v. Vradenburgh*, No. 18-CV-09353, 2021 WL 797657, at *8 (S.D.N.Y. Feb. 26, 2021). Plaintiff's speculation of discriminatory intent, without any supporting evidence, is insufficient to create the inference of discrimination required to establish a *prima facie* case under Title VII. Accordingly, Defendant's motion for summary judgment is granted with respect to Plaintiff's Title VII race and color discrimination claims.

With respect to Plaintiff's hostile work environment claim, Plaintiff has failed to proffer any evidence showing that the alleged harassment was "sufficiently severe or pervasive to alter the conditions" of his employment or that "a specific basis exists for imputing the objectional conduct to the employer." *Alfano*, 294 F.3d at 374. As stated *supra*, Plaintiff admitted at deposition

that his delayed paycheck is the sole basis for his claims. (Def. 56.1 ¶ 64). However, "[a]s a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004). A single instance of a delayed paycheck is not "continuous and concentrated" such that it would be deemed pervasive. *Id.* Further, given that Plaintiff admitted at deposition that he received his paycheck for the work performed for the period in question, he cannot show that the delayed paycheck altered the conditions of his employment in any meaningful manner. (Doc. 50, Ex. C at 51:8-54:15). To the extent that Plaintiff seeks to argue that Kiskis's "aggressive" tone towards him created a hostile work environment, this too fails. (Def. 56.1 ¶ 25). Plaintiff offers no evidence that Kiskis's tone altered the conditions of his employment in any way. Plaintiff further fails to offer any evidence that a basis exists for imputing Kiskis's tone onto her employer, Beacon. Accordingly, Defendant's motion for summary judgment is granted with respect to Plaintiff's Title VII hostile work environment claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and the Second Amended Complaint is dismissed.

The Clerk of Court is respectfully directed to (i) terminate the motion sequences pending at Doc. 49 and Doc. 54, (ii) close this case, and (iii) mail a copy of this Memorandum Opinion and Order to Plaintiff.

**SO ORDERED.**

Dated:   White Plains, New York
         December 22, 2022

_____

PHILIP M. HALPERN
United States District Judge